UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frank Manfredo,<br><br>          Plaintiff,<br>v.<br><br>Receivables Performance Management, LLC,<br><br>          Defendant. | No. 16-CV-122<br><br>COMPLAINT<br><br>TRIAL BY JURY DEMANDED |

## I. INTRODUCTION

1. Plaintiff is suing the Defendant debt collector because the Defendant harassed the Plaintiff with robo-calls despite the Plaintiff's demand to stop.

2. The Defendant used a robo-calling system to repeatedly call the Plaintiff's cellular phone in an attempt to collect a debt alleged to be owed by a third party to Verizon.

3. The Plaintiff does not owe any debt to Verizon, and does not have any relationship with Verizon.

4. The Defendant's actions violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*

1

## II. JURISDICTION

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and under 15 U.S.C. § 1692k(d), and under 47 U.S.C. § 227 for pendent state law claims and the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.  Injunctive relief is available pursuant to the TCPA. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## III. PARTIES

6. Plaintiff Frank Manfredo (hereinafter "Plaintiff") is a natural person who resides in Suffolk County, New York and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), or a person affected by a violation of that law.

7. Defendant Receivables Performance Management, LLC (hereinafter "Defendant or RPM") is a collection agency operating from a corporate office in the state of Washington, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) in that the Defendant regularly uses the mail and telephone to collect debts alleged to be due another.

8. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. § 153 (32), and the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200 (f) (1).

9. The alleged debt being collect was incurred for personal, family, or household services, and not for any business purpose. The debt is alleged to be owed for a personal phone bill by an individual.

## IV. FACTUAL ALLEGATIONS

10. Within the one year immediately preceding the filing of this action, the Defendant began telephoning the Plaintiff's cellular telephone in an attempt to collect a consumer debt that was alleged to be owed for a telephone bill to Verizon.

11. The Plaintiff does not owe any debt to Verizon and has not had any relationship or business with Verizon.

12. The Defendant used an "automatic telephone dialing system" as that term is defined by the TCPA and the Federal Trade Commission, to make the calls to the Plaintiff.

13. The Plaintiff did not provide his telephone number to the Defendant or Verizon.

14. On information belief the Defendant obtained the Plaintiff's cellular telephone number using a "skip tracing" data base.

15. The Plaintiff demanded that the telephone calls to Plaintiff cease.

16. Notwithstanding the Plaintiff's demand to stop calling, the Defendant continued to call the Plaintiff's cellular phone.

17. In or around January 16, 2015, the Defendant sent the Plaintiff a debt collection letter falsely asserting that the Plaintiff owed a debt to Verizon, violating multiple provision of the FDCPA.

18. The Defendant's calls invaded the Plaintiff's privacy and Plaintiff paid for the calls that the Defendant made to the Plaintiff's cellular phone.

## V.  VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

19.  Within the four years immediately preceding the filing of this action, and without the express consent of the Plaintiff, the Defendant called the Plaintiff's cellular telephone service using any automatic telephone dialing system thereby violating the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

20. Under 47 U.S.C. § 227 b (3)(B), the Defendant is liable to the Plaintiff for $500.00 per phone call made to Plaintiff.

21. As the Defendant's actions were done willfully and knowingly the Defendant's violations of TCPA, entitle the Plaintiff to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. § 227 b (3).

22. The Plaintiff is entitled to an injunction prohibiting the Defendant from using an automated telephone dialing system to call the Plaintiff's cellular phone, pursuant to the 47 U.S.C. § 227.

## VI.  CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

23.  Defendant's actions as described herein violated the following provisions of the FDCPA:  15 U.S.C. § 1692 b(1); 15 U.D.C. § 1692b(3); 15 U.S.C. § 1692e; 15 U.S.C. § 1692e(2); 15 U.S.C. § 1692e(10); 15 U.S.C § 1692d; 15 U.S.C. § 1692d(5); 15 U.S.C § 1692f; 15 U.S.C. § 1692f(1); and 15 U.S.C. § 1692g.

WHEREFORE, Plaintiff prays for the following relief:

1. Actual damages;

2. Statutory damages;

3. Treble damages;

4. Costs and reasonable attorney's fees;

5. An injunction as described herein; and

6. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*[signature]*

Brian L. Bromberg
Bromberg Law Office, P.C.
26 Broadway, 21rst. Floor
New York, NY 10004
Tel: (212) 248-7906

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff demands trial by jury in this action.

*[signature]*

Brian L. Bromberg
Attorney for Plaintiff

5